UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael S. Kimm, Esq. (MK4476)
Adam Garcia, Esq.
KIMM LAW FIRM
333 Sylvan Avenue, Suite 106
Englewood Cliffs, New Jersey 07632
T: 201-569-2880
*Attorneys for Plaintiffs*

| | |
|---|---|
| DAE SUB CHOI, for himself and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>SUSHI MARU EXPRESS CORP., SUSHI NARA, KOMOLO, INC., KEVIN KIM, HAK JAE LIM, ABC COMPANIES 1 — 50, and JOHN DOES 1–30,<br><br>Defendants. | 17-CV-_____<br><br>**Complaint for Collective and Class Action for Wage Theft and FLSA Violations, With Jury Demand** |

Named Plaintiff Dae Sub Choi (Choi), on behalf of himself and all others who are similarly situated, for his collective-action and class-action complaint against the above-named defendants, states upon knowledge except where stated upon information and belief:

**THE PARTIES**

1. At all relevant times, Named Plaintiff Choi was and is an individual who is

1

a domiciliary and resident of New Jersey and resides in Tenafly, New Jersey.

2. At all relevant times defendant Sushi Maru Express is a business entity believed to be organized under New Jersey law with its principal place of business at 700 Grand Avenue, Ridgefield, New Jersey. At all relevant times, defendant Sushi Maru Express was and still is engaged in the business of operating a food service business specializing in Japanese sushi products.

3. At all relevant times defendant Sushi Nara is a business entity believed to be organized under New Jersey law with its principal place of business at 700 Grand Avenue, Ridgefield, New Jersey. At all relevant times, defendant Sushi Nara was and still is engaged in the business of operating a food service business specializing in Japanese sushi products.

4. At all relevant times defendant Komolo, Inc., is a business entity believed to be organized under Maryland law with a business address at 6630 Amberton Drive, #C, Elkridge, MD 21075. At all relevant times, defendant Komolo was and still is engaged in the business of supplying sushi supplies to the other defendants and its operations and finances are commingled with the other entity defendants so as to yield the highest profitability to Komolo. Because defendant Komolo is a co-venturer of Sushi Maru and is essential in the success or failure of any specific location or the overall business concept, this defendant is an employer as the term is understood by

plaintiff.

5. At all relevant times, defendant Kevin Kim is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Sushi Maru Express and Sushi Nara and maintains an office at 700 Grand Avenue, Ridgefield, New Jersey.

6. At all relevant times, defendant Hak Jae Lim is an individual who is believed to be an officer, director, shareholder or otherwise responsible person who managed labor affairs on behalf of Sushi Maru Express and Sushi Nara and maintains an office at 700 Grand Avenue, Ridgefield, New Jersey.

7. Defendants ABC Company 1 through 50 are entities who are believed to be Named Plaintiff's employer within the meaning of the Fair Labor Standards Act and/or the New Jersey Wage and Hour laws, but whose exact identities are presently unknown to Named Plaintiff and who may be joined later in the action. These entities are engaged in the management, joint venture, and profit-sharing along with one or more of the named defendants including Sushi Maru Express, and are believed to be acting in concert or participation with such the named defendants and thus are themselves defendants under the applicable laws. These defendants' precise identities are unknown to Named Plaintiff, yet, but will be identified and joined during the course of discovery.

8. John Does 1 through 30 are individuals who are believed to be Named Plaintiff's employer within the meaning of the Fair Labor Standards Act and/or the New Jersey Wage and Hour laws, but whose exact identities are presently unknown to Named Plaintiff and who may be joined later in the action. These individuals are officers, managers and otherwise-responsible persons in the management of entities that are in joint venture with Sushi Maru Express, Sushi Nara, and other others who are acting in concert or participation with such defendants and thus are themselves defendants under the applicable laws. These defendants' precise identities are unknown to plaintiff yet but will be identified and joined during the course of discovery.

9. Defendants were "employers" of plaintiff within the meaning of the applicable statutes and case law as defendants suffered plaintiff to work, as more-fully stated below.

**JURISDICTION AND VENUE**

10. The Court has jurisdiction over this action as it arises under federal law under 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. 216(b), as it implicates the Fair Labor Standards Act. State claims are appropriate under the supplemental jurisdiction statute 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. Section § 1391(1), (2) because substantial events or omissions occurred in this district and defendants

transact business in this district or within the State of New York.

## BACKGROUND

11. Plaintiff was an employee of defendants, from approximately November 2011 through November 2016. Plaintiff worked as a hired "sushi-chef" making sushi products at one or more locations owned or operated by defendants, who suffered plaintiff to work. Plaintiff was also a co-venturer and the co-venturer relationship, induced by fraud and other unlawful actions of the defendants, may be the subject of a separate action unrelated to this wage action.

12. Plaintiff is one of many similar individuals charged with identical or substantially identical work duties, who were employed through Sushi Maru Express or Sushi Nara. When plaintiff was hired, he was hired to work at a Sushi Mary location in Hillsdale, Bergen County, northern New Jersey. After being so hired, defendants immediately required him to serve as a "roving" or "traveling" sushi chef and plaintiff was required to travel to numerous locations in New York including Long Island, New York City, and outer New York, regardless of distance. Plaintiff was required to be on site well before the store opening hours of 7AM at most locations and was required to stay well after the store closing hours of 6PM at most locations. Plaintiff was required to provide car rides to other Sushi Maru workers who did not possess a vehicle.

13. Plaintiff was required to routinely depart from his home at 5:30AM to reach his destination and traveled for benefit of his employer; was required to drive long distances on behalf of his employers and routinely returned home at 7:30PM or later such that plaintiff practically routinely worked double shifts. During the course of plaintiff's employment, defendants routinely required plaintiff to work in excess of 40 hours per week, six or more days per week, in his position as one of numerous "sushi chefs" and failed to pay proper overtime/wage compensation as required by law.

14. Others who are similarly situated as plaintiff were also routinely denied full compensation for their hours. Defendants have built a network of what they call "sushi corners" at various supermarket chains and specialty food store chains as joint ventures or as tenants or sub-tenants and have been effectively building a franchise system which is modeled upon (A) denial of proper, lawful wages and overtime benefits and (B) denial of ownership interests to would-be franchisees and joint venturers.

15. Approximately 90 to 120 individuals are believed to be in the same or substantially similar situation as Named Plaintiff. Some of Named Plaintiff's colleagues, all of whom are also sushi chefs, those who did not have a car, were provided with local "sleeping facilities," or were provided with other workers who

would serve as "drivers" of those who did not have a car, and those individuals routinely worked in excess of eight (8) hours daily, over forty hours (40) weekly, and over five (5) days a week, routinely and thereby routinely were required to work overtime without proper wage payment. Named Plaintiff was denied, and numerous other colleagues are believed to have been denied, lawful wage and hour benefits including overtime, spread of hours, and any other applicable benefit.

16. Defendants have failed to provide accurate, weekly breakdowns of the hours worked, wages earned, overtime or spread of hours earned. Defendants have failed to retain records of hours worked by Named Plaintiff and all other employees who are similarly situated with Named Plaintiff. Defendants failed to keep Named Plaintiff's and other employees' work hours from the moment they began activities that benefitted the employer until they were no longer so engaged. The aggregate of such times was approximately 15 hours per day, six days a week, all holidays, every weekend, at least partially.

17. Upon information and belief, defendants are engaged in activities in or affecting interstate commerce, and each is generating yearly revenues well in excess of the $500,000 requirement under the applicable statute.

18. Due to defendants' violations, Named Plaintiff and others who are similarly situated have sustained wage and overtime losses. Defendants routinely

paid a "weekly salary" for all hours worked by Named Plaintiff, in violation of Named Plaintiff's right to be paid an hourly rate of pay plus overtime pay for all hours worked in excess of 40 hours per week.

19. Defendants have denied proper wage and overtime benefits to all or substantially all of the employees and sushi chefs who have worked for them in the past six years. Named Plaintiff's colleagues have similarly been suffered to work, with denied wages and hours, denied spread of hours and denied benefits under the labor laws, as a group.

20. Named Plaintiff and others who are similarly situated as Named Plaintiff are not executive, professional or otherwise exempt from the wage and hour laws. In essence Named Plaintiff and others who are similarly situated as Named Plaintiff are food service support personnel whose time is controlled by their employers as wage earners.

21. Some of Named Plaintiff's colleagues are fixed to a particular location where they commute to and from, but most of Named plaintiff's colleagues are, as Named Plaintiff, required by their employers to attend various locations depending upon the employers' needs of the day or of the situation.

22. All sushi chefs employed by defendants are required and expected to dispatch to the locations designated by their employers on a daily basis and prepare

sushi products, place them in refrigerators for sale to customers as they walk in and engage in self-service food selection, and make rounds to various locations to replenish such food products being sold to consumers.

## COLLECTIVE ACTION ALLEGATIONS

23. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

24. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Collective Action Plaintiffs.

25. Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for defendants Sushi Maru Express and Sushi Nara as a sushi chef or kitchen personnel and who were/are subject to defendants' unlawful pay practices and policies at any point from four years prior to the filing of this action the present (members of this putative class are referred to as "Collective Action Plaintiffs").

26. Named Plaintiff's claims are typical of the claims of Collective Action Plaintiffs because the Named Plaintiff, like all Collective Action Plaintiffs, was an employee of defendants who was not paid proper wages as required by the FLSA and the New Jersey state wage and hour laws in the last four years.

27. Named Plaintiff will fairly and adequately protect the interests of Collective

9

Action Plaintiffs, because Named Plaintiff's interests are consistent with, and not antagonistic, to those of the Collective Action Plaintiffs. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

28. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. The class will be easily identifiable from defendants' business records, along with their contact information.

29. Similarly-situated employees are known to defendants, are readily identifiable by defendants, and can be located through defendants' business records. Named Plaintiffs do not know the exact size of the potential class, as such information is in the exclusive control of defendants; however, on information and belief, the number of potential class members is estimated to be 60 or more.

30. Questions of law and fact that are common to the members of the collective group predominate over questions that affect only individual members of the group. Among the questions of law and fact that are common to the collective group is whether defendants failed to pay the putative collective group the required wages for all hours worked, plus over time, and any other compensation due, including liquidated damages.

31. Collective Action Plaintiffs include those who were not paid proper hourly wages, overtime, and lunch hour. At the time of hiring, the terms of Named Plaintiffs employment were that he would be attending to the Short Hills location (near his residence); Named Plaintiff would work a maximum eight hours for the stated weekly salary of $600.00; and would have one hour lunch break during the work day. In reality, Named Plaintiff was required to work significantly more than 40 hours per week, as Named Plaintiff maintains that he was required to work as many as 90 hours a week.

32. In addition, despite the promise of a one-hour lunch break, in reality, Named Plaintiff and others who are similarly situated were expected to work, and in fact worked, during the lunch hour because that was deemed the "busiest period" of the work day. All Collective Action Plaintiffs were required to work far more hours than 40 a week and to effectively surrender their lunch hour due to required peak-time productivity.

33. For the foregoing reasons, the Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated as to the following collective issues:

    A.    Defendants' failure to pay proper overtime wages;

    B.    Defendants' failure to pay lunch hour wages;

C. Defendants' failure to pay the employer contribution to social security and other benefits;

D. Defendants' failure to keep proper wage and hour records.

## CLASS ACTION ALLEGATIONS

33. The foregoing paragraphs are adopted by reference and incorporated.

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claim for relief on behalf of himself and those similarly situated ("Class Plaintiffs"). Specifically, Named Plaintiff seeks to represent a class of all persons who worked or work for defendants in the past four years and who were not paid lawful compensation for their hours.

35. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be sufficiently high that individual joinder is not practicable.

36. Named Plaintiff's claims are typical of the claims of the putative class members, because Name Plaintiff, like all Class Plaintiffs, was an employee of defendants and has been damaged as a result of defendants' violation of the FLSA while defendants-employers have been unjustly enriched by withholding wages from

their employees.

37. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes and is fully able to pursue this action. Plaintiffs' counsel have already prosecuted two separate suits relating to the same violations by essentially the same core defendants, on behalf of other former employees of the core defendants, in the following cases:

A. <u>Beck v. Sushi Maru Express, et al</u>., Case Number 2:14-cv-03488-SDW-SCM, in the U.S. District Court for the District of New Jersey at Newark (involving one named plaintiff; settled after class/collective certification was denied without prejudice pending discovery);

B. <u>Ham et al v. Sushi Maru Express et al</u>., Case Number 1:15-cv-06138-FB-JO, in the U.S. District Court for the Eastern District of New York (involving two named plaintiffs; settled while motion for class/collective certification was pending, following limited collective action discovery).

38. As a result of those prior cases, involving three prior plaintiffs, and counsel's knowledge of defendants' business practices; methods of wage theft; core business model, the plaintiffs will be best represented by retained counsel.

39. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from defendants' business records. Upon information and belief, defendants maintain business records in the form of "Daily Job Assignments" which shows the employees' names, work location, the supposed business hours of the locations (which are not the same as work hours), and other relevant information, within defendants' computer systems and in their books and records.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against defendants.

41. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

A. Defendants' failure to pay proper overtime wages;

B. Defendants' failure to pay lunch hour wages;

C. Defendants failure to pay the employer contribution to social security and other benefits;

D. Defendants failure to keep proper wage and hour records.

42. Defendants and each of them have been unjustly enriched at plaintiffs' expense because of their policy of underpaying the employees by paying a purported lump sum "salary" regardless of the total "hours worked" and the "regular rate of pay"; under-counting the hours worked; and deliberately failing to keep wage and hour records; failing to provide weekly review/accounting of wages earned; and failing to pay employer contributions of social security tax and other benefits. Therefore, Named Plaintiff should be permitted to bring his claims as a class action on behalf of himself along with the class mentioned above.

## **CLAIMS FOR RELIEF**

### **Count One – FLSA Wage and Hour Violations**

43. The foregoing paragraphs are incorporated by reference.

44. By reason of the foregoing, defendants being the employer and supervisor, owner, manager, or other person of responsibility of Named Plaintiff and plaintiff's class, committed one or more violations of the federal wage and hour laws by

deliberately underpaying Named Plaintiff and others who are similarly situated including:

    A.    failure to pay proper overtime wages;

    B.    failure to pay lunch hour wages;

    C.    failure to pay the employer contribution to social security and other benefits;

    D.    failure to keep proper wage and hour records.

### Count Two – NYS Labor Law Wage and Hour Violations

45. The foregoing paragraphs are incorporated by reference.

46. By reason of the foregoing, defendants have violated the New York State Labor Law and in particular the wage and hour provisions by failing to pay proper wages, proper overtime, spread of hours, and by failing to provide proper documentation and accounting of employees' wages and hours.

47. Due to defendants' violations, each named plaintiff and others who are similarly situated have sustained losses while defendants-employers have unjustly benefitted from the unfair wage payment practices.

### Count Three – NJS Labor Law Wage and Hour Violations

48. The foregoing paragraphs are incorporated by reference.

49. By reason of the foregoing, defendants have violated the New Jersey State

Labor Law and in particular the wage and hour provisions by failing to pay proper wages, proper overtime, and by failing to provide proper documentation and accounting of employees' wages and hours.

50. Due to defendants' violations, Named Plaintiff and others who are similarly situated have sustained losses while defendants-employers have unjustly benefitted from the unfair wage payment practices.

**Count Three – Failure to Make Proper Employer**

**Contribution to Social Security and Other Benefits**

51. The foregoing paragraphs are incorporated by reference.

52. Defendants failed to make employer contributions to each employee's social security benefit and other benefits to which each employee was entitled at the relevant times.

**Count Four – Failure to Keep Proper Records**

53. The foregoing paragraphs are incorporated by reference.

54. Defendants failed to keep proper record of each employee's work hours and lunch hours and other intervals of the work day which was spent on behalf of the employer(s).

WHEREFORE, Named Plaintiff demands for himself and all others who are similarly situated on whose behalf this action is brought, judgment against the

defendants, as follows:

    A. conditionally certifying the case as a collective action and class action;

    B. permanently certifying the case as a collective action and class action;

    C. granting compensatory damages for unpaid wages and benefits, punitive damages, liquidated damages, and other compensatory and remedial remuneration;

    D. granting declaratory judgment that Named Plaintiff and all plaintiffs were employees of defendants;

    E. granting pre-judgment and post-judgment interest;

    F. granting injunctive relief and possible reinstatement;

    G. granting legal fees; other professional fees; costs; and

    H. any other relief the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Named Plaintiff demands a trial by jury.


Dated: January 11, 2017                    /s/ Michael S. Kimm
                                                  Michael S. Kimm
                                                  Adam Garcia
                                                  KIMM LAW FIRM
                                                  *Attorneys for Plaintiffs*

**List of Sushi Maru Express Locations and Co-Venturers**

**[ATTACHED AS EXHIBIT 1]**